# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MARK ALONZO COWANS,

        Defendant-Appellee.

UNPUBLISHED
March 21, 2017

No. 329235
Macomb Circuit Court
LC No. 2015-000499-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK ALONZO COWANS,

        Defendant-Appellant.

No. 330223
Macomb Circuit Court
LC No. 2015-000499-FC

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

A jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), arising from the violent beating death of Ryan Hagerman. Defendant and Hagerman were inmates and shared the same cell at the Macomb County Jail. Because defendant was 17 years old on the date of the offense, the trial court conducted a sentencing hearing pursuant to MCL 769.25 to determine an appropriate sentence. Following the hearing, the court sentenced defendant to 30 to 60 years in prison. Defendant appeals by right his conviction (Docket No. 330223), and the prosecutor appeals by right defendant's sentence (Docket No. 329235). We affirm in both appeals.

## I. DOCKET NO. 330223 (DEFENDANT'S APPEAL)

Defendant challenges the sufficiency of the evidence in support of his conviction of first-degree premeditated murder. A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). This Court views

-1-

the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* In making this determination, we must draw all reasonable inferences and make credibility choices that support the jury's verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Circumstantial evidence and reasonable inferences drawn from them are sufficient to prove the elements of a crime. *Id.*

The elements of first-degree murder are: "(1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010); MCL 750.316(1)(a). "The intent to kill may be proved by inference from any facts in evidence," *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011), such as the use of a deadly weapon, aiming the weapon at a victim, a motive to kill, flight from the scene, lying to police, and the concealment of evidence. See *People v Henderson*, 306 Mich App 1, 11-13; 854 NW2d 234 (2014). Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient to prove the intent to kill. *Id.* at 11.

Premeditation and deliberation are characterized by a thought process that is undisturbed by hot blood. *People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1988). The defendant must have had sufficient time to measure and evaluate his choices and to subject his actions to a "second look." *People v Morrin*, 31 Mich App 301, 329-330; 187 NW2d 434 (1971). The minimum time necessary to exercise this process is incapable of exact determination but must be "long enough to afford a reasonable man time to subject the nature of his response to a 'second look.' " *Id.* at 330. "A sufficient time lapse to provide an opportunity for a 'second look' may be merely seconds, or minutes, or hours, or more, dependent on the totality of the circumstances surrounding the killing." *People v Meier*, 47 Mich App 179, 191-192; 209 NW2d 311 (1973).

"Circumstantial evidence and reasonable inferences drawn from the evidence may constitute satisfactory proof of premeditation and deliberation." *People v Unger*, 278 Mich App 210, 229; 749 NW2d 272 (2008). Premeditation and deliberation may be inferred from such factors as (1) the prior relationship of the parties, (2) the defendant's actions before the killing, (3) the circumstances of the killing itself, including the weapon used and the nature of the wounds inflicted, and (4) the defendant's conduct after the killing. *Id.*; *People v Anderson*, 209 Mich App 527, 537; 531 NW2d 780 (1995); *People v Coddington*, 188 Mich App 584, 600; 470 NW2d 478 (1991).

Hagerman died from head injuries he received during a violent assault: defendant repeatedly punched and kicked Hagerman in the head. There is "no doubt that kicking a man to death can constitute first-degree murder if the clear intent to kill is present." *People v Van Camp*, 356 Mich 593, 601; 97 NW2d 726 (1959). The evidence showed that defendant and Hagerman were sharing a jail cell. Hagerman was lying on his bunk when defendant apparently initiated a conversation with him that induced him to leave his bunk. When Hagerman put out his hand, apparently for help getting down, defendant pulled him to the floor and began punching and then kicking him about the head. Hagerman tried to stop the kicks by grabbing at defendant's legs, but defendant held on to the bunk for support and continued kicking him. Hagerman offered no more resistance and continued lying on the floor, barely moving. Defendant alternately stopped and resumed the attack several times, each time kicking or

stomping on Hagerman's head. During lulls, defendant bent over Hagerman or stepped to the door, giving him time to reflect on what he was doing, yet he resumed the attacks and did not stop until a deputy entered the cell. By that time, there was a large puddle of blood on the floor under Hagerman's head, and Hagerman was gurgling and wheezing and unable to speak. The beating left Hagerman with severe brain damage that caused his death. This evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant intentionally killed Hagerman with premeditation and deliberation.

## II. DOCKET NO. 329235 (THE PROSECUTOR'S APPEAL)

The prosecutor raises two issues related to defendant's sentence, arguing, first, that the trial court erred by allowing defendant to waive a jury at the juvenile sentencing hearing, MCL 769.25, and, second, that the trial court's sentence of 30 to 60 years is unreasonable.

## A. JURY WAIVER

Defendant was a 17-year-old juvenile when he committed the offense. MCL 769.25, incorporated by reference in MCL 750.316(1), provides that a juvenile convicted of first-degree murder shall be sentenced to prison for at least 25 to 60 years unless the prosecutor moves the court to impose a sentence of life without parole. MCL 769.25(2)-(4), and (9). The prosecutor filed such a motion in this case. The statute directs the court to decide whether to sentence the juvenile to life or a term of years after conducting a hearing. MCL 769.25(6), (7), and (9). Shortly before the hearing was held in this case, this Court decided *People v Skinner*, 312 Mich App 15; 877 NW2d 482 (2015), lv gtd ___ Mich ___ (Docket 152448, January 24, 2017), in which it held that the default sentence for first-degree murder committed by a juvenile is a term of years, and that pursuant to the holdings in *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004), and *Alleyne v United States*, 570 US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013), any fact used to enhance the default sentence to life without parole must be decided by a jury unless the defendant waives a jury. *Skinner*, 312 Mich App at 34-61. Defendant elected to waive a jury for his sentencing hearing. The prosecution objected, arguing that, pursuant to MCL 763.3(1), defendant could not waive a jury without its consent. The trial court disagreed and allowed defendant to waive a jury.

After defendant was sentenced, however, this Court decided *People v Perkins*, 314 Mich App 140, 165; 885 NW2d 900 (2016), vacated in part, special panel convened ___ Mich App ___ (February 12, 2016), in which another panel of this Court concluded that "*Skinner* was wrongly decided" and followed it only because it was compelled to do so.[1] That aspect of the *Perkins* decision was later vacated and a special panel was convened in *People v Hyatt*, (Docket No. 325741), to resolve the conflict. The special panel held that a judge, not a jury, is to determine whether a mandatory life sentence should be imposed on a juvenile offender. *People v Hyatt*, ___ Mich App ___; ___ NW2d ___ (2016), lv gtd ___ Mich ___ (Docket No. 153081,

---

[1] The *Perkins* decision involved three consolidated appeals. The sentencing issue was addressed and decided in the companion case of *People v Hyatt*, (Docket No. 325741).

January 24, 2017). Thus, there is no entitlement to a jury that can be the subject of a waiver by a defendant or consent by the prosecutor. Accordingly, the trial court did not err by conducting the sentencing hearing without a jury and without first obtaining the prosecutor's consent.

## B. DEFENDANT'S TERM-OF-YEARS SENTENCE

At a sentencing hearing held under MCL 769.25, the trial court must decide whether to sentence the juvenile defendant to life imprisonment without parole or impose a term-of-years sentence. If the trial court elects not to sentence a juvenile to life without parole, it "shall sentence the individual to a term of imprisonment for which the maximum term shall not be less than 60 years and the minimum term shall not be less than 25 years or more than 40 years." MCL 769.25(9). As noted, the trial court elected not to sentence defendant to life without parole and sentenced him to 30 to 60 years in prison.

Citing *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), the prosecutor argues that defendant's sentence is "unreasonable." In *Lockridge*, our Supreme Court held that a sentencing guidelines range calculated in violation of *Apprendi* and *Alleyne* is advisory only and that sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness. *Lockridge*, 498 Mich at 365, 392. Defendant, however, was not sentenced under the guidelines; consequently, his sentence cannot be a departure from any guidelines range.

Appellate review of a sentence following a juvenile sentencing hearing under MCL 769.25 is three-fold: the trial court's factual findings are reviewed for clear error; any questions of law are reviewed de novo, "and the court's ultimate determination as to the sentence imposed" is reviewed for an abuse of discretion." *Hyatt*, ___ Mich App at ___; slip op at 25, citing *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A court abuses its discretion when it imposes a sentence that "violates the principle of proportionality, which requires sentences . . . to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).[2]

As the trial court recognized, certain aggravating circumstances existed in this case that warranted a harsh sentence. When defendant committed the offense, he was just two months shy of his 18th birthday. Had he been 18, he would have faced a mandatory sentence of life without

---

[2] Although the *Hyatt* conflict panel's discussion of appellate review of a sentence concerned "when a juvenile challenges the imposition of his or her life-without-parole sentence," we conclude, in light of *Lockridge* and this Court's decision in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015), that the same standard of review applies when the trial court imposes a term of years sentence under MCL 769.25. The *Steanhouse* Court adopted the "principle of proportionality" test from *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990), as the method for determining the reasonableness of a sentence, concluding that this was "most consistent with the Supreme Court's directives in *Lockridge*." *Steanhouse*, 313 Mich App at 45, 46-47. The Court held "that a sentence that fulfills the principle of proportionality under *Milbourn*, and its progeny, constitutes a reasonable sentence under *Lockridge*. *Id*. at 47-48.

-4-

parole. Further, the attack on Hagerman was extremely brutal and unprovoked. Defendant lied about the offense; he told the deputy that Hagerman had fallen off his bunk. He then told the trial court that following a confrontation, Hagerman had "fought him". The trial court also found, however, that there were several mitigating factors, including that defendant was less mature than the average person his age due to his mental health and substance abuse issues; the likelihood of recidivism was low; defendant had the support of family and friends, and defendant showed genuine remorse for his actions. These findings are supported not only by testimony from witnesses who knew and were familiar with defendant, but also via the testimony of Dr. Michael Abramsky, an expert in psychology, who evaluated defendant. Under these facts, we conclude that the trial court did not abuse its discretion by imposing a sentence of 30 to 60 years.

We affirm.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle